IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE T. CLIFF, AIS 142970, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-cv-524-WHA-SMD |
| | ) (WO) |
| KAY IVEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

This case is before the Court on a 42 U.S.C. § 1983 complaint filed on September 6, 2022, by Steve Cliff, a state inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. Presenting vague allegations of lack of legal assistance in the prison law library and lack of proper health care at Staton, Cliff claims violations of his First, Eighth, and Fourteenth Amendment rights,. Doc. 1 at 3–5. He names as Defendants Governor Kay Ivey, Commissioners John Q. Hamm and Jefferson S. Dunn, and Warden Camelia Cargle. Doc. 1 at 1–2. For relief, Cliff seeks monetary damages and requests transfer to another correctional facility. Doc. 1 at 4.

**II.    DISCUSSION**

Upon initiation of this case, Cliff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 2. However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a "serious physical injury" when he filed the complaint may not proceed *in forma pauperis* and must pay the filing and administrative fees upon initiation of his case.[2] *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status." *Id*.

The records of the federal courts of this state establish that Cliff, while incarcerated or detained, has, on at least three or more occasions, had civil actions summarily dismissed

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978 (1998), the Court held that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires indigent prisoners who are frequent filers of non-meritorious cases to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further determined that the language of § 1915(g) makes it clear that the "three strikes" provision encompasses cases summarily dismissed under 28 U.S.C. § 1915(d) prior to the effective date of the PLRA and, thus, counting those cases as strikes does not violate the *Ex Post Facto* Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (citing *Rivera*, 144 F.3d at 728–30) (holding that cases summarily dismissed prior to the effective date of the PLRA are properly considered strikes under 28 U.S.C. § 1915(g) in determining whether an indigent inmate may proceed without prepayment of the full filing fee). In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* in limited part, *i.e.*, to the extent it compelled an inmate to plead exhaustion of remedies in his complaint because "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[2] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). In addition, as of December 1, 2016, the Judicial Conference imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14.

as frivolous, malicious, or for failure to state a claim.[3] The cases on which this court relies in finding a § 1915(g) violation by Cliff are: (1) *Cliff v. Haley, et al.*, Case No. 1:99-cv-455-RV-C (S.D. Ala. 1999) (dismissing case because claims were frivolous or failed to state a claim on which relief could be granted); (2) *Cliff v. Siegelman, et al.,* Case No. 1:99-cv-426-AH-C (S.D. Ala. 1999) (dismissing case because claims were frivolous or failed to state a claim on which relief could be granted); (3) *Cliff v. Lewis, et al.*, Case No. 1:99-cv-230-BH-M (S.D. Ala. 1999) (dismissing case for failure to state a claim); (4) *Cliff v. Alford, et al.*, Case No. 1:97-cv-748-CB-S (S.D. Ala. 1998) (dismissing case as frivolous); (5) *Cliff v. Davis*, Case No. 1:97-cv-741-RV-S (S.D. Ala. 1997) (dismissing case as frivolous); and (6) *Cliff v. Jones, et al.*, Case No. 2:95-cv-1595-SCP-TMP (N.D. Ala. 1995) (dismissing case as frivolous).

Because Cliff has three strikes, he may not proceed *in forma pauperis* unless the claims raised in the instant complaint demonstrate he was "under imminent danger of serious physical injury" upon filing this case. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013); *May v. Myers*, 2014 WL

---

[3]This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

3428930, at *2 (S.D. Ala. Jul. 15, 2014) (finding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (holding that to meet the "imminent danger" requirement the "threat or prison condition [must be] real and proximate."). "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Claims about an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Moreover, "general allegations" by an inmate regarding the unsafe environment attendant to his confinement in prison "are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. Jul. 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

Here, Cliff makes generalized allegations of mistreatment and fear for his safety at Staton. Doc. 1 at 5. The Court has carefully reviewed his complaint and his assertions of mistreatment and fear for his safety, along with his allegations regarding past conduct and the potential for future harm he might suffer from inmates and correctional officers. The complaint, however, does not indicate that Cliff was "under imminent danger of serious physical injury" at the time of filing this cause of action, as required to meet the exception allowing circumvention of the directives in 28 U.S.C. § 1915(g). *Medberry*, 185 F.3d at 1193 (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger of serious physical injury" at the time he initiates the suit to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

Based on the foregoing and Cliff's failure to pay the requisite filing and administrative fees upon initiation of this case, the Court concludes this case is due to be summarily dismissed without prejudice. *See Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

5

1. The motion for leave to proceed *in forma pauperis* filed by Cliff (Doc. 2) be DENIED.

2. This case be DISMISSED without prejudice for Cliff's failure to pay the full filing and administrative fees upon initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 29, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of September, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE